IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD STEVEN BRYAN                                                                                         PLAINTIFF

      v.                              Civil No. 5:23-cv-05232-TLB-MEF

JUDGE LINDSAY;
JUDGE TERRA STEVENSON;
JUDGE TAYLOR;
PROSECUTING ATTORNEY McKINNA MOORE;
PUBLIC DEFENDER CANDICE SMITH;
OFFICER LANDON CRADDUCK;
OFFICER TIMOTHY TAYLOR;
CORPORAL SMITH; and
CORPORAL MULVANEY                                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Donald S. Bryan ("Bryan"), pursuant to 42 U.S.C. § 1983. Bryan proceeds *pro se* and *in forma pauperis*. Bryan has named as Defendants the three judges who have been involved in his criminal case, Judges Lindsay, Stevenson, and Taylor, the prosecuting attorney, McKinna Moore, and his public defender, Candice Smith. Bryan has also asserted claims against several employees of the Washington County Detention Center ("WCDC") where he is currently housed—Officer Cradduck, Officer Taylor, Corporal Smith, and Corporal Mulvaney. Bryan has sued the Defendants in both their individual and official capacities.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court must screen any

1

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I. BACKGROUND

According to the Complaint, Bryan is a pretrial detainee currently incarcerated in the WCDC. (ECF No. 1 at 2). In Claim One, Bryan indicates he appeared in court before Defendant Lindsay via Zoom on July 5, 2023. *Id.* at 6. When Bryan was "telling [Defendant Lindsay] I was an American State National and was challenging his assumed jurisdiction," the audio was placed on mute resulting in Defendant Lindsay not being able to hear him. *Id.* Bryan says it was either Defendant Cradduck or Defendant Taylor who placed him on mute. *Id.* Bryan indicates he would have to see the two officers to determine which one was involved. *Id.* According to Bryan, the court—instead of proving it had jurisdiction over him—silenced him. *Id.* at 7. Bryan contends he was denied due process when he was not allowed to speak for himself. *Id.*

In Claim Two, Bryan alleges that on August 4, 2023, he appeared in video court before Defendant Stevenson with Defendants Cradduck and Taylor present. (ECF No. 1 at 8). When Bryan was advising Defendant Stevenson that he had written "some things" he wanted to enter in the record and objected to the court's assumed jurisdiction, Bryan says he was muted again by the same officers. *Id.* Defendant Stevenson then "forced a public defender [Candice Smith][1] on [Bryan] and had her enter a not guilty plea." *Id.* The evening before, Bryan stated he refused to provide any information to the public defender and refused to sign a contract with the public defender's office. *Id.* Bryan told Candice Smith that he was representing himself and heard her tell Defendant Stevenson—who ignored it. *Id.* Defendant Stevenson also refused to allow Bryan to enter anything into the record. *Id.* Bryan says Defendants Cradduck and Taylor again muted

---

[1] Because two of the Defendants have the last name Smith, the Court will use Candice Smith's full name when referring to her.

2

him preventing him from speaking for himself. *Id.* Bryan contends he is "the people not a person" and the "State of Arkansas is a foreign state." *Id.* at 9.

In Claim Three, Bryan alleges he appeared in person in court before Defendant Taylor who was to determine whether Bryan could represent himself. (ECF No. 1 at 10). Bryan says he challenged the court's jurisdiction, asked for Defendant Taylor's Foreign Agent Registration, and advised all present that he was holding them "commercially and personally" liable for any harm against him or his assets. *Id.* When Defendant Taylor indicated she had full authority from the State of Arkansas, Bryan disagreed and indicated he could prove that the State of Arkansas is a Belgium corporation. *Id.* at 11. Despite this, Bryan says Defendant Taylor continued to assert jurisdiction, refused to answer his questions, and continued to hold his assets in trust. *Id.* Bryan also objects to never having been informed of the reason for the assignment of a different judge. *Id.* at 10.

Bryan decided he would keep Candice Smith as his attorney. (ECF No. 1 at 11). However, he alleges that Candice Smith then rose and asked Judge Taylor to preclude Bryan from asking her to file a "bunch of motions." *Id.* At this point, Bryan states he asked Judge Taylor if this meant that Candice Smith could do basically whatever she wanted without telling him anything. *Id.* Judge Taylor responded: "Yes and did I understand that?" *Id.* Since then, Bryan indicates his efforts to communicate with Defendant Smith have been unavailing. *Id.* He has not been able to speak with her about the various documents he has sent to the court regarding his status, the jurisdiction of the court, his "Declaration of Naturalization Act of July 1779," his birth certificate, and his motion to dismiss. *Id.* at 12.

At the WCDC, Bryant says he cannot even get legal mail sent to him such as his sworn, notarized and recorded paperwork regarding his status and declarations. (ECF No. 1 at 12). He

has been told only his attorney or the government could send him legal mail. *Id.* The grievances he submitted regarding this have been denied. *Id.* Bryan says he attempted to submit a grievance regarding Defendant Mulvaney because of this, and Defendant Mulvaney denied his "own" grievance. *Id.*

Bryan alleges was kept in segregation on 23-hour lock down for no reason. (ECF No. 1 at 13). He had not been given a disciplinary and there was no medical reason for his segregation. *Id.* According to Bryan, Defendant Smith wanted to keep him in segregation longer, but Bryan submitted a grievance and was released after five days. *Id.*

Next, Bryan alleges his mail is being deleted, presumably from some type of electronic mail system, based on its content—information related to his claims that the courts lacked jurisdiction, his being an American State National, the State of Arkansas being a Belgium corporation, etc. (ECF No. 1 at 13). Bryan indicates he had these various documents filed, but Defendant Smith refuses to talk to him about them. *Id.* Bryant also states he has been denied discovery, including the name of the arresting officer who "converted [his] constitutional right to travel on the public road into a crime." *Id.*

For relief, Bryan seeks compensatory and punitive damages. (ECF No. 1 at 15). Additionally, he requests that all Defendants be charged and fined for the crimes they have been engaged in. *Id.* He requests that he be allowed to speak to an attorney and get access to the law library. *Id.* "At the very least[,] [Bryan wants the case] moved from this court to [the] Arkansas State Assembly common law court to have a trial by jury of my peers, American State Nationals a jury from a Jural Assembly not a Jural Society." *Id.* Finally, Bryan wants to be released. *Id.*

## II. APPLICABLE LAW

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.  Judicial Immunity

Defendants Lindsay, Stevenson, and Taylor are all judges involved in the handling of various criminal charges pending against Bryan in *State v. Bryan*, 72CR-23-1531, currently pending before the 4th Judicial Circuit, Washington County, Arkansas. Judges are generally immune from individual capacity damages suits based on actions taken within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

While Bryan maintains the Defendant judges have no jurisdiction over him, his allegations are factually frivolous and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Arkansas became a state in 1836. Amendment 80 to the Arkansas Constitution vests the judicial power in the "Judicial Department of state government, consisting of a Supreme Court and other courts established by this Constitution." Ark. Const. amend 80, § 1. Sections 5, 6, and 7, of Amendment 80 give the Supreme Court power to establish divisions of the Court of Appeals, Circuit Courts, and District Courts. *Id.* at §§ 5-7. Section 10 vests in the General Assembly the power to establish jurisdiction and venue of all actions, unless otherwise provided for in the

Constitution, and the power to establish judicial circuits and divisions, and the number of judges for Circuit Courts and District Courts.  *Id.* at § 10.   Section 16 sets forth the qualifications and terms of justices and judges.  *Id.* at § 16.  Sections 17 and 18 govern the election of the judges to these various positions.  *Id.* at §§ 17-18.  Thus, each of the Defendant judges hold constitutionally established positions and grants of jurisdiction.

The only allegations Bryan has made against Defendants Lindsay, Stevenson, and Taylor are related to their handling of matters in Bryan's pending criminal action.  These actions are not non-judicial or taken without jurisdiction.  Bryan's individual capacity claims against Defendants Lindsay, Stevenson, and Taylor fail because they are immune from suit.

### B.     Prosecutorial Immunity

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).  "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (cleaned up).  The immunity extends to "a civil conspiracy

charge when [the prosecutor's] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citation omitted).

Bryan has failed to allege Defendant Moore engaged in any conduct other than prosecutorial functions. "Whatever [Defendant Moore's] motives may have been . . . [her] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample*, 836 F.3d at 916. Accordingly, Defendant Moore is entitled to absolute immunity on the individual capacity claims against her. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C.     Sovereign Immunity

As discussed above, judges are state officials. In Arkansas, prosecuting attorneys are also officers of the state. Ark. Const. amend. 80, §20. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendants Lindsay, Stevenson, Taylor, and Moore are therefore barred by the Eleventh Amendment.

### D.    Declaratory and Injunctive Relief

To the extent the Complaint (ECF No. 1) can be read to be seeking declaratory relief, the request is barred by sovereign immunity. The exception to Eleventh Amendment immunity created by the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), which allows a party to seek prospective injunctive relief in federal court against state officials in their official capacities, does not apply to requests for declaratory relief establishing past violations of federal law. *Verizon Maryland, Inc., v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002). Bryan's claims for declaratory relief are also barred by the *Rooker-Feldman* doctrine which provides that, except for *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see also Mosby v. Ligon*, 418 F.3d 927, 931 (2005).

Bryan also seeks injunctive relief in the form of immediate release from jail. The Supreme Court has held that a state prisoner may not use §1983 to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). A prisoner seeking either immediate release from prison or a shortening of his term of confinement must seek habeas relief instead. *Id.* Bryan is therefore entitled to neither declaratory nor injunctive relief in this case.

### E. Color of Law

Section 1983 provides a federal cause of action against individuals action under color of state law. Public Defenders do not act under color of state law while representing criminal defendants. *Polk Cty. v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). The only allegations Bryan has made against Candice Smith are in connection with her representation of him in his criminal case. Bryan's claims against Candice Smith are therefore subject to dismissal.

### F. WCDC Claims

At this stage of the case, the Court need only determine whether Bryan has alleged sufficient factual matter to assert "plausible" claims against Defendants Cradduck, Taylor, Smith, and Mulvaney. The Court believes that plausible claims have been stated against these Defendants.

### IV. CONCLUSION

For the reasons stated above, I recommend the following:

(1) That the individual capacity claims against Defendants Lindsay, Stevenson, Taylor, and Moore be dismissed on the grounds they are immune from suit.

(2) That the official capacity claims against Defendants Lindsay, Stevenson, Taylor, and Moore, be dismissed as they are barred by the Eleventh Amendment.

(3) That the claims for declaratory and injunctive relief against Defendants Lindsay, Stevenson, Taylor, and Moore be dismissed as they may not be pursued under § 1983 and/or are barred by the Eleventh Amendment.  And,

(4) That the claims against Candice Smith be dismissed as she does not act under color of law.

Adoption of these recommendations would result in the dismissal of all claims against Defendants Lindsay, Stevenson, Taylor, Moore, and Candice Smith.  Only the claims against Defendants Landon Cradduck, Timothy Taylor, Corporal Smith, and Corporal Mulvaney remain for further resolution.  By separate order, the Complaint will be served upon them.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 25 day of January 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE